Hon. WILLIAM WHITE,
Hon. WILLIAM J. GILMORE,
Hon. GEORGE W. McILVAINE,   } Judges.
Hon. W. W. BOYNTON,

---

THE RACCOON RIVER NAVIGATION COMPANY *v.* GEORGE W.
EAGLE.

On a trial of an issue of *nul tiel corporation*, where a condition precedent to
the right of incorporation is prescribed by law, it is not error to reject
as evidence the certificate of incorporation in form as prescribed by the
statute, in the absence of testimony tending to show that the condition
had been fulfilled.

ERROR to the District Court of Gallia county.

The original action was brought in the Court of Common
Pleas of Gallia county, by the plaintiff in error against the

(238)

defendant in error, to recover on a subscription of five hundred dollars to the capital stock of the plaintiff. The plaintiff claimed to be a corporation duly organized under the amendatory act of March 29, 1867 (64 Ohio L. 69), which authorized the incorporation of companies "for the purpose of improving any stream of water, or any part thereof, heretofore declared navigable by any law of the State of Ohio." Among others, an issue of *nul tiel corporation* was made by the pleadings in the case. On the trial of this issue the plaintiff offered in evidence a certificate of incorporation of "The Raccoon River Navigation Company" in due form, as prescribed by said act, in which it appeared that said company was formed "for the purpose of improving the water power, improving to make navigable by slack water, and navigating Big Raccoon river from its mouth at the Ohio river, in Gallia county, Ohio, to the town of Zaleski, in the county of Vinton, Ohio." An objection to the introduction of this testimony was sustained, and a bill of exceptions taken, which, however, does not show whether any other testimony was offered.

Judgment having been rendered in the court of common pleas in favor of defendant, the same, on petition in error, was affirmed by the district court.

*E. A. Bratton, M. A. Dougherty,* and *J. R. Grogan,* for the motion.

*Simeon Nash,* contra.

By the Court. Does the record show that the court of common pleas erred in rejecting the testimony offered?

We do not know of any law of the State of Ohio, by which "Big Raccoon river, from its mouth at the Ohio river in Gallia county, Ohio, to the town of Zaleski, in Vinton county, Ohio" has been declared navigable. Our attention has been called to an act of 1834 (32 Ohio L. 184), which declares, "That so much of Big Raccoon creek as lies in the county of Gallia is hereby declared a public highway;" but we can not assume that "Big Raccoon creek"

is "Big Raccoon river," or that the stream, from its mouth at the Ohio river to the town of Zaleski in Vinton county, is only that part of the stream which is described in the act of 1834 as lying in Gallia county. And, unless both these propositions be true, it is clear that the attempted incorporation of the plaintiff was without authority of law. If they be true, the record should at least show that the plaintiff offered testimony tending to prove them, otherwise it does not show that the party was prejudiced.

It is suggested that the rejected testimony tended to prove, at least, a corporation *de facto;* and that the defendant was estopped, by subscribing to its stock, from denying its legal existence. The case is not one wherein the doctrine of estoppel can be applied.

*Judgment affirmed.*